

## Fourth Court of Appeals
### San Antonio, Texas

**DISSENTING OPINION**

No. 04-21-00376-CR

Andell Brymonte **PITTMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR2518
Honorable Raymond Angelini, Judge Presiding

**OPINION DISSENTING TO DENIAL OF EN BANC CONSIDERATION**

Dissenting Opinion by: Liza A. Rodriguez, Justice, joined by Lori I. Valenzuela, Justice

Sitting en banc:  Rebeca C. Martinez, Chief Justice[1]
                           Patricia O. Alvarez, Justice
                           Luz Elena D. Chapa, Justice
                           Irene Rios, Justice
                           Beth Watkins, Justice
                           Liza A. Rodriguez, Justice
                           Lori I. Valenzuela, Justice

Delivered and Filed:  November 22, 2023

I respectfully dissent from the order denying en banc consideration and write separately to explain my reasons for doing so. Texas Rule of Appellate Procedure 41.2(c) provides that en banc consideration "should not be ordered unless necessary to secure or maintain uniformity of the

---

[1]Not participating

court's decision or unless extraordinary circumstances require en banc consideration." TEX. R. APP. P. 41.2(c). This appeal presents the novel issue of whether a defendant's statutory right to be present when his sentence is pronounced is violated when he is sentenced via videoconference and is not physically present in the courtroom. *See* TEX. CODE CRIM. PROC. art. 42.03 § 1(a). Further, as the appellant in this appeal did not object at the time of his sentencing hearing to the proceedings being conducted via videoconference, another novel issue is presented: whether a violation of his statutory right was waived by his failure to object. *See Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (discussing the type of *Marin* rights that can be waived and the kind that can be brought for the first time on appeal). Unlike the majority, I do not believe the court of criminal appeals in *Lira v. State*, 666 S.W.3d 498 (Tex. Crim. App. 2023), specifically addressed either novel issue presented in this appeal. And, as criminal hearings being held by videoconference have increased substantially recently, I believe these novel issues will be presented to this court in the future. Therefore, I believe that this appeal falls within the extraordinary circumstances allowed by Rule 41.2(c) and that the novel issues presented in this appeal would benefit from consideration by the entire court. For these reasons, I respectfully dissent to the denial of en banc consideration.

Liza A. Rodriguez, Justice

PUBLISH